**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| TWITTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0613-KSJM |
| | ) | |
| ELON R. MUSK, X HOLDINGS I, | ) | |
| INC., and X HOLDINGS II, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPOINTING SPECIAL DISCOVERY MASTER TO CONSIDER PLAINTIFF'S AND DEFENDANTS' DISCOVERY MOTIONS**

1.      Plaintiff Twitter, Inc. ("Plaintiff") and Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. (collectively, "Defendants") have each filed discovery motions challenging the other side's assertion of privilege over discovery materials. Defendant's Sixth Discovery Motion seeks to compel the production of documents over which Plaintiff asserted the attorney-client privilege.[1] Plaintiff's Sixth Discovery Motion seeks to compel the production of documents over which Defendants asserted work product protection.[2] These two motions are collectively referred to as the "Discovery Motions."

2.      The Honorable Christopher Sontchi of Delaware ADR, LLC is hereby appointed special discovery master (the "Special Discovery Master") with the charge of

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 468 (Defendants Sixth Discovery Motion); *see also* Dkt. 533 (Plaintiff's Opposition to Defendants Sixth Discovery Motion).

[2] Dkt. 531 (Plaintiff's Sixth Discovery Motion); *see also* Dkt. 576 (Defendants' Opposition to Plaintiff's Sixth Discovery Motion).

reviewing the Discovery Motions, and facilitating a resolution or making a recommendation in the form of a report as to their resolution.

3.     The Special Discovery Master shall file in this court a written acceptance of this appointment, and the appointment shall be effective upon the filing of the acceptance. The Special Discovery Master shall serve at the pleasure of the court, and the provisions of this order shall remain in effect pending further order of the court.

4.     The Special Discovery Master has all powers and authority necessary to fulfill the charge set forth in this order.  Included within this grant of authority are the powers to communicate with the parties jointly or separately, require the parties to provide information, and consult with the court without the participation of the parties.

5.     With respect to Defendants' Sixth Discovery Motion, the Special Discovery Master will review *in camera* a sample of redacted or withheld documents selected by Defendants.

a.     The number of documents in that sample shall be 200, unless the Special Discovery Master establishes a different scope of *in camera* inspection.

b.     The black letter law governing the Special Discovery Master's review is uncontroversial.  Under Delaware law, "the attorney/client privilege 'protects the communications between a client and an attorney acting in his professional capacity where the communications are intended to be confidential, and the confidentiality is not waived.'"[3]   "The privilege may be paraphrased as extending to a (1)

---

[3] *Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992) (quoting *Riggs Nat. Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709, 713 (Del.Ch. 1976)).

communication, (2) which is confidential, (3) which was for the purpose of facilitating the rendition of professional legal services to the client, (4) between the client and his attorney."[4]

      c.     The privilege applies fully to corporate clients, and extends to communications between the attorney and the agents or employees of the corporation so long as the other elements of the test are met.[5]

      d.     The party asserting attorney-client privilege bears the burden of proving that the privilege applies to a particular communication.[6]

6.     With respect to Plaintiff's Sixth Discovery Motion, the Special Discovery Master will review *in camera* a sample of redacted or withheld documents selected by Plaintiff.

      a.     The number of documents in that sample shall be 200, unless the Special Discovery Master establishes a different scope of *in camera* inspection.

      b.     Resolution of Plaintiff's Sixth Discovery Motion shall be guided by the discussion of work production protection contained in this court's August 25 order.[7] As explained there, Rule 26(b)(3) generally protects "documents,

---

[4] *TCV VI, L.P. v. TradingScreen Inc.*, 2017 WL 11590772, at *1 (Del. Ch. Dec. 21, 2017) (cleaned up).

[5] *Buttonwood Tree Value Partners, L.P. v. R. L. Polk & Co.*, 2021 WL 3237114 (Del. Ch. July 30, 2021), *adopted*, (Del. Ch. 2021), *cert. denied*, 2021 WL 4958253 (Del. Ch. Oct. 26, 2021); *see also* Wolfe and Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery, Second Edition* §7.02(b)(2) (2021).

[6] *Moyer*, 602 A.2d 68, 72.

[7] Dkt. 246.

electronically stored information, and tangible things" that have been "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[8]

      c.     Rule 26(b)(3) does not provide an unqualified protection; the rule permits discovery of work product "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."[9]

      d.     Rule 26(b)(3) shelters only the mental processes of the attorney, not the expert.[10]

      e.     The party asserting the work-product protection bears the burden of proving that the privilege applies to a particular communication.[11]

7.     Working with the parties, the Special Discovery Master shall establish the process and timeline for fulfilling the mandates of this Order.

---

[8] *Id.* at 12 (quoting citing Ct. Ch. R. 26(b)(3)).

[9] *Id.*

[10] *Tackett v. State Farm Fire & Cas. Ins. Co.*, 653 A.2d 254, 261 (Del. 1995); *see also* 8A Wright & Miller § 2029 at 17–18 (explaining that "[t]he knowledge of an expert is not privileged" and "is not part of the work product").

[11] *Mechel Bluestone, Inc. v. James C. Justice Cos., Inc.*, 2014 WL 7011195, at *10 (Del. Ch. Dec. 12, 2014).

4

8.     Unless otherwise permitted by the Special Discovery Master, all exceptions to interlocutory reports prepared by the Master are stayed under Court of Chancery Rule 144(d) until the filing of the Special Discovery Master's final report. Following the filing of any final report, any party taking exception shall file a notice of exceptions within one business day of the date of the report. This court will promptly set a schedule for briefing on the exceptions, taking into account the schedule of this action.

9.     The Special Discovery Master shall be compensated at his expedited hourly rate. At his discretion, the Special Discovery Master may make use of attorneys and support staff, who may bill at their expedited hourly rates. The amounts referred to in this paragraph are collectively the "Expenses."

10.     The Special Discovery Master shall provide invoices to the parties on no less than a monthly basis. The parties shall remit interim payment within ten days after receiving an invoice.

11.     Initially, the parties will each bear half of the Expenses. The Special Discovery Master may recommend an allocation of responsibility for the Expenses that takes into account the parties' respective degree of success.

12.     At the conclusion of his assignment, the Special Discovery Master shall petition the court for approval of the Expenses. If the court declines to approve any amounts previously paid, then the Special Discovery Master shall refund those amounts. If the court adopts any recommended allocation of Expenses based on the parties' respective degree of success, then the Special Discovery Master shall refund any overpayment upon payment of the reallocated amounts. Any approved amounts that the

5

parties fail to pay will be taxed as court costs and charged through the LexisNexis e-filing system.

13. The parties shall aid the Special Discovery Master in his duties. No party to this action, and no other person acting or purporting to act as a manager, member, assignee, director, officer, employee, attorney, or agent of any party to this action, shall institute any proceeding in any forum other than this court challenging any action or recommendation by the Special Discovery Master.

14. The Special Discovery Master shall have no liability to the parties or any other persons for actions taken in good faith pursuant to this order. In any challenge to the Special Discovery Master's actions, the Special Discovery Master is presumed to have acted in good faith. The Special Discovery Master shall be entitled to all protections, limitation from liability, and immunity available at law or in equity to a court-appointed representative including, without limitation, all protection, limitation from liability and immunity provided by the indemnification provisions of applicable law.

15. Expenses, including attorneys' fees, incurred by the Special Discovery Master in defending any civil, criminal, administrative, or investigative action, suit, or proceeding arising by reason or in connection with the Special Discovery Master's appointment, or the performance of his duties hereunder, shall be paid by the parties in accordance with the payment allocation described above in advance of the final disposition of such action, suit, or proceeding, subject to the repayment of such amount if it shall be

ultimately determined by this court that the Special Discovery Master is not entitled to be indemnified.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated:  September 30, 2022
